```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

WILLIAM CONOVER,                : Civil Action No. 06-1079(NLH)
             Plaintiff,         :
       v.                       : **OPINION**
UNITED PARCEL SERVICE,          :
             Defendant.         :

**APPEARANCES:**

Clifford L. Van Syoc, Esquire
Van Syoc Law Offices Chartered
Cherry Tree Corporate Center
535 Route 38 East - Suite 501
Route 38 & Cuthbert Boulevard
Cherry Hill, NJ 08002

   *Attorneys for Plaintiff*

Sherri A. Affrunti, Esquire
Reed Smith LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540

   *Attorneys for Defendant*

**HILLMAN**, District Judge

   This matter has come before the Court on Plaintiff's motion to amend his Complaint to add additional defendants and remand the action to state court.  For the reasons expressed below, Plaintiff's motion will be denied.

   Plaintiff, William Conover, filed a one-count Complaint in New Jersey Superior Court, Atlantic County, Law Division, against Defendant, United Parcel Service, claiming that UPS violated his

rights under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. 34:19-1 et seq., when it terminated him for allegedly filing a false workers' compensation claim.  UPS removed Conover's action to this Court on grounds of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Presently, Conover seeks to amend his Complaint to add as additional defendants three of his supervisors at UPS.  He also seeks remand of his action if his motion to amend is granted because the addition of the new defendants, who are citizens of New Jersey, would destroy the diversity of the parties and no other basis for this Court's jurisdiction would exist.  UPS opposes Conover's motion, arguing that his motion should be denied because Conover's proposed amendment is improperly motivated to defeat jurisdiction and Conover's proposed CEPA claims against the additional defendants are time-barred.[1]

As an initial matter, UPS's conclusory statement that Conover's motivation to amend his Complaint is "solely and fraudulently" aimed to destroy diversity of citizenship is

---

[1]UPS also contends that if Conover were to argue that his amendment "relates back" to his original filing in state court, that argument would fail.  Because Conover did not assert such an argument, and he would not be permitted to do so in a reply brief, see Bayer AG v. Schein Pharmaceutical, Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001), the Court will not address this argument.

without any support.[2]  Although the addition of these three proposed new defendants would defeat the diversity of citizenship of the parties, there is no evidence that Conover's desire to add these defendants is the "ploy" UPS claims.  To the contrary, even though Conover's original Complaint does not name his three supervisors as defendants, they are named within the body of his original pleading and substantive allegations are asserted against them.  Whatever Conover's reasons for not naming his supervisors as defendants in his original Complaint, these three proposed defendants are not gratuitous parties without any alleged personal involvement in Conover's claims.  Therefore, even though one potential result of the amendment is the lack of diversity of the parties, and perhaps Conover considered that result, it cannot be found that Conover's motion to amend his pleading to add these defendants was motivated by fraud.

UPS's argument that Conover's motion to amend must be denied because his claims against them are time-barred does have merit,

---

[2]This is not a case of fraudulent joinder, which can only be claimed if the alleged fraudulently joined party has already been joined.  See generally In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006) ("When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a heavy burden of persuasion in making this showing.").  Only if Conover filed his amended Complaint prior to UPS filing its answer, as allowed by Fed. R. Civ. P. 15(a), then a fraudulent joinder analysis would have been appropriate.

3

however.  New Jersey's CEPA statute provides, in part, "Upon a violation of any of the provisions of this act, an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction."  N.J. Stat. Ann. 34:19-5.  A CEPA claim based on improper termination accrues on the date of discharge from employment.  <u>Alderiso v. Medical Center of Ocean County, Inc.</u>, 770 A.2d 275,  281 (N.J. 2001) ("In interpreting CEPA in accordance with its plain language, we are satisfied that the date of discharge represents the appropriate accrual date, not the date on which an employee receives notice of termination.").

Conover claims that he was terminated on January 21, 2005. Conover sought leave to amend his Complaint to add additional defendants to his CEPA claim on March 30, 2006.  Because Conover did not seek to add the three additional defendants by January 21, 2006, any claims under CEPA against them are time-barred.  As a result, the addition of the proposed three additional defendants would be futile.[3]  Accordingly, Conover's motion to

---

[3] UPS argues that instead of Fed. R. Civ. P. 15(a),  28 U.S.C. § 1447(e) governs Conover's request to amend his pleading to add additional defendants.  Rule 15(a) provides that a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served."  If a defendant has already filed his answer, leave to amend is freely given in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).  Section 1447(e) provides that if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter

amend his pleading and remand the action must be denied.  An appropriate Order will issue.

Dated: December 7, 2006            s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

jurisdiction, the court may deny the joinder, or permit joinder and remand the action to the State court."
    At the time Conover filed his motion to amend, which contained his proposed amended Complaint, UPS had not yet filed its Answer.  Following Rule 15(a), Conover could have simply filed his amended Complaint without leave of the Court, which would have implicated the fraudulent joinder analysis.  See note 2.  However, because Conover brought a motion before the Court, and because he was adding additional parties to a pleading that was removed from state court, under § 1447(e) the Court has discretion to deny or permit the joinder, which is similar to Rule 15(a) when a defendant has filed an answer.  Thus, regardless of which specific provision governs Conover's motion to amend, it is the Court's discretion on whether to allow Conover's request.

5